UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br><br>$466,920.00 UNITED STATES CURRENCY<br><br>Defendant. | §<br>§<br>§  CIVIL ACTION NO.<br>§<br>§<br>§<br>§<br>§ |

**VERIFIED COMPLAINT FOR CIVIL FORFEITURE
IN REM AND NOTICE TO POTENTIAL CLAIMANTS**

Plaintiff, the United States of America, by and through the United States Attorney, Alamdar S. Hamdani, and the undersigned counsel, Mary Ellen Smyth, Assistant United States Attorney, files this action for forfeiture *in rem* against the above-captioned property. The United States respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355. The seized currency is in the Southern District of Texas and is within the jurisdiction of this Court.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1355, 1391(b) and 1395(a) and (b). Acts and omissions giving rise to forfeiture occurred in the Southern District of Texas and elsewhere.

**PROPERTY SUBJECT TO FORFEITURE**

3. The property is described as follows: $466,920.00 in United States currency (hereinafter, "seized currency"), which was seized on or about March 21, 2022, by agents of the

Drug Enforcement Administration from a drug trafficking organization operating in the Rio Grande Valley of Texas area and the Eastern Virginia area.

## CLAIMANTS TO SEIZED CURRENCY

4. Adriana Jones and Howard Miller, et al. submitted a claim to the Drug Enforcement Administration (DEA) through their attorneys, Michael Elsner, of the Mottley Rice, LLC law firm and Samuel F. Miller of Mitchell & Mitchell, LLC. contesting agency forfeiture of the seized currency and seeking judicial proceedings. No other claims have been submitted to DEA.

## STATUTORY BASIS FOR FORFEITURE

5. The seized currency is subject to forfeiture under 21 U.S.C. § 881(a)(6), which provides for the forfeiture of all monies furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act (21 U.S.C. § 801, *et seq.*), all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act.

## FACTUAL BASIS FOR FORFEITURE

6. In March 2022, the Drug Enforcement Administration was in direct contact with a bulk cash and narcotics trafficker, who is in charge of importing cocaine from the areas of Monterrey, Nuevo Leon, Mexico into the Rio Grande Valley of Texas. Upon receipt of cocaine shipments, the known trafficker recruited commercial drivers with access to tractor trailers to transport the cocaine further into the United States and pick up bulk narcotic sales proceeds. These narcotics proceeds were ultimately to be delivered back to higher ranking Gulf Cartel members in the Tamaulipas, Mexico area.

7. In March 2022, the known trafficker and DEA coordinated the pick up of an undetermined amount of bulk United States currency from an individual in Baltimore, Maryland

and attempted to transport and deliver the bulk proceeds to the known trafficker and high ranking Gulf Cartel members.

8. On March 21, 2022, the known trafficker and DEA agreed upon a location to pick up the bulk currency in the Eastern Virginia area. Upon arrival to the agreed upon location, a known courier of the drug trafficking organization delivered two travel bags to a tractor trailer that was under the control of DEA.

9. DEA agents took possession of the bulk currency and maintained custody of the currency in the travel bags to coordinate the delivery of the bulk currency to the known trafficker in the Rio Grande Valley of Texas area.

10. On March 25, 2022, DEA traveled to an agreed upon location in the Rio Grande Valley of Texas area where DEA Agents were going to attempt to deliver the bulk currency to the known trafficker. An attempt was made to deliver the bulk currency but no members of the drug trafficking organization arrived likely due to the presence of law enforcement.

11. Due to the failed attempt of the delivery of the bulk proceeds, DEA terminated the controlled delivery operation and seized the bulk cash proceeds.

12. An official count of the currency determined the amount to be $466,920.00.

### CONCLUSION

Based on the foregoing facts, there is probable cause to believe that the seized currency was furnished in exchange for a controlled substance in violation of the Controlled Substances Act, 21 U.S.C. § 801, et. seq., or was proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.

## NOTICE TO ANY POTENTIAL CLAIMANT

YOU ARE HEREBY NOTIFIED if you assert an interest in the seized property subject to forfeiture and want to contest the forfeiture, you must file a verified claim which fulfills the requirements set forth in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. The verified claim must be filed no later than thirty-five (35) days from the date this complaint was sent to you, in accordance with Rule G(4)(b); or, if this Complaint was not sent to you, no later than 60 days after the first day of publication of notice on an official internet government forfeiture site, in accordance with Rule G(5)(a)(ii)(B).

An answer or a motion under Federal Rule of Civil Procedure 12 must be filed no later than twenty-one (21) days after filing the claim. The claim and answer must be filed with the United States District Clerk for the Southern District of Texas, 1300 Victoria, Laredo, Texas, 78040. A copy must also be served upon the undersigned Assistant United States Attorney either electronically or at the address provided in this Complaint.

## RELIEF REQUESTED

The United States will serve notice, along with a copy of the Complaint, on any other persons who reasonably appear to be potential claimants in this matter. The United States seeks a final judgment forfeiting the seized currency to the United States and any other relief to which the United States may be entitled.

Respectfully submitted,

ALMADAR S. HAMDANI
United States Attorney

/s/ Mary Ellen Smyth
Mary Ellen Smyth
Assistant United States Attorney
Texas Bar: 18779100
SDTX Admission: 31348
11204 McPherson Road, Suite 100A
Laredo, Texas 78040
Ofc: 956-723-6523-9571
Email: Mary.Ellen.Smyth@usdoj.gov

## VERIFICATION

I, Ashley Mendiola, a Special Agent with the Drug Enforcement Administration (DEA), declare under the penalty of perjury, as provided by 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Civil Forfeiture In Rem and Notice to Potential Claimants, and that the facts stated in paragraphs 6-12 are based upon my personal knowledge, information obtained from other law enforcement personnel, and/or information I obtained in the course of my investigation, and they are true and correct to the best of my knowledge and belief.

Executed on the 30 day of January 2024.

_____
Ashley Mendiola,
Special Agent
Drug Enforcement Administration

STATE OF TEXAS
COUNTY OF HIDALGO

SUBSCRIBED and SWORN to before me the undersigned Notary Public on this the 30 day of January, 2024.

_____        24 NOV 24
Notary Public for the State of Texas    My Commission Expires

KAREN M. RICE
NOTARY PUBLIC
ID# 132799943
State of Texas
Comm. Exp. 11-24-2024